IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SOUKSAKHONE PHAKNIKONE, Movant, | :: :: :: | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | :: :: :: | CIVIL ACTION NO. 1:11-CV-4118-RWS-LTW |
| UNITED STATES OF AMERICA, Respondent. | :: :: | CRIMINAL ACTION NO. 1:07-CR-150-RWS-LTW |

**FINAL REPORT AND RECOMMENDATION**

Movant is confined at the federal prison in Coleman, Florida. Movant, proceeding pro se, challenges pursuant to 28 U.S.C. § 2255 his convictions in this Court for armed bank robbery. (Docs. 157, 160.)[1] Respondent filed a brief opposing Movant's § 2255 motion, (Doc. 163), and Movant filed a reply, (Doc. 164). For the reasons discussed below, the undersigned recommends that Movant's motion be denied and that he be denied a certificate of appealability.

**I.   Background**

On April 6, 2007, Movant, who had a prior felony conviction at the time, robbed a Wachovia bank in Atlanta using a handgun. Movant was captured shortly after the robbery, and agents with the Federal Bureau of Investigation ("FBI") interviewed him that day. After waiving his rights, Movant confessed to FBI agents

---

[1] Movant initially filed his § 2255 motion, supporting brief, and affidavit in handwritten form. (Doc. 157.) Movant later filed the same documents in typewritten form. (Doc. 160.) The undersigned cites to the typewritten documents in this Report and Recommendation. Unless otherwise noted, all citations to the record refer to case number 1:07-cr-150-RWS-LTW.

Ray Johnson and Douglas Rambaud that he had committed the robbery with an accomplice. (Doc. 157-3.) Movant handwrote his confession to the April 6, 2007 robbery. (*Id.*) After Movant wrote his confession, the agents asked him about three other recent armed bank robberies. (Doc. 138 at 62-77.) Movant confessed to committing those robberies, which were of a First Bank of the South branch on December 19, 2006, a Wachovia branch on January 11, 2007, and another Wachovia branch on March 9, 2007. (*Id.*) Movant did not write a statement regarding any of those three robberies, and the agents did not record by audio or video his confession to any of the robberies. (*Id.* at 88-89.) Agents Johnson and Rambaud later testified at trial to Movant's confessions to the four robberies, and Movant's handwritten confession to the April 6, 2007 robbery was admitted as evidence. (*Id.* at 62-77; Doc. 131 at 165-191.)

In Movant's affidavit submitted with his § 2255 motion, Movant states that after confessing to the April 6, 2007 robbery in his interview with FBI agents, he repeatedly denied participating in any other bank robberies. (Doc. 160-1.) Movant states that Agent Rambaud then promised not to charge him with any additional bank robberies or use his statements against him if he confessed to the other bank robberies described above. (*Id.*) Movant states that he confessed to those other robberies solely because of Agent Rambaud's promises. (*Id.*) Movant further states that when he later learned that he had been charged with committing those other robberies – on a date he does not identify, but at least November 2007 given the date of the indictment discussed

2

below – he told his lawyer about Agent Rambaud's promises. (*Id.*)

In May 2007, a grand jury indicted Movant for armed robbery of the Wachovia bank on April 6, 2007 and for being a felon in possession of a firearm. (Doc. 9.) Attorney Vionnette Johnson appeared as counsel for Movant and represented him throughout the case, including on appeal. (Doc. 160 at 5-6.) One month later, Johnson filed a motion to suppress all statements Movant made to law enforcement. (Doc. 19.) On October 26 and 30, 2007, the undersigned held an evidentiary hearing on that motion, at which FBI Agent Johnson testified. (Docs. 27, 28.)

In November 2007, a superseding indictment issued. (Doc. 29.) The November 2007 indictment charged Movant with all four armed bank robberies for which he had confessed to the FBI on April 6, 2007, and with being a felon in possession of a firearm. (*Id.*) In February 2008, the undersigned issued a Report and Recommendation that Movant's motion to suppress statements be denied, finding among other things that no agent made any promises to Movant in return for his confession on April 6, 2007. (Doc. 42.) The District Judge adopted that recommendation and denied Movant's motion to suppress statements. (Doc. 55.)

In May 2008, a second superseding indictment issued. (Doc. 46.) The May 2008 superseding indictment charged Movant with the four bank robberies to which he had confessed, three additional armed bank robberies, and with being a felon in possession of a firearm. (*Id.*) A jury trial was conducted in September 2008, and the jury found Movant guilty of all seven bank robberies and of unlawfully possessing a

3

firearm. (Doc. 111.)

> At trial the prosecution argued that all the bank robberies shared a signature trait, a modus operandi, that linked them to the same robber. Each robbery lasted less than three minutes and involved one or two masked robbers who carried guns and shouted profanities at bank tellers. One of the robbers vaulted the teller counter, demanded that the tellers empty their cash drawers, and sometimes instructed them not to give him any "ink thing" or "funny money." In each robbery, at least one robber wore a black ski mask, a hooded sweatshirt, white-topped gloves, black athletic shoes, and held his handgun "gangster-style" in his left hand. The prosecution also contended that one of the signature traits of the common culprit in all seven robberies was to rob the banks like a gangster.

*United States v. Phaknikone*, 605 F.3d 1099, 1103 (11th Cir. 2010). Movant admitted at trial, through his counsel, that he committed the April 6, 2007 bank robbery, but denied committing any others.

In December 2008, the Court sentenced Movant to 167 years' imprisonment, five years' supervised release, a $1,500 special assessment, and $86,706 in restitution to the victim banks. (Doc. 122.) Movant's convictions and sentence were affirmed on appeal. *United States v. Phaknikone*, 605 F.3d 1099 (11th Cir. 2010). The appellate court held that this Court erred in admitting at trial certain character evidence, but further held that the error was harmless because Respondent presented "overwhelming evidence of [Movant's] guilt . . . that tied [Movant] to each of the seven robberies." *Id.* at 1109. The appellate court cited Movant's confession to FBI agents that he committed four of the robberies, but also described the extensive forensic and testimonial evidence linking Movant to all of the robberies, including

4

marked money stolen from the banks, the similar clothing the robbers wore in each robbery, shoe prints from multiple robberies, bank surveillance video and photographs, and testimony from numerous bank employees who saw and heard the masked robbers during each robbery. (*Id.* at 1109-10.)

Movant contends in his § 2255 motion that Johnson rendered ineffective assistance in violation of his Sixth Amendment right to counsel. (Doc. 160 at 4; Doc. 160-2 at 5-11.) Specifically, Movant alleges that Johnson failed to:

1. move before trial for suppression of Movant's April 6, 2007 confession to three bank robberies on the ground that the confession was coerced by false promises from FBI Agent Rambaud; and

2. argue on appeal that Respondent's evidence at trial did not establish a modus operandi between the seven bank robberies.

(*Id.*) Respondent contends that Movant has not shown that Johnson rendered ineffective assistance in either instance. (Doc. 163.)

## II. Relevant Legal Standards

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "To obtain collateral

5

relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

### III. <u>Analysis</u>

An evidentiary hearing is not warranted if "the motion and the files and records

6

of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973). The record in this case conclusively demonstrates that Movant's claims lack merit and that he is not entitled to relief under § 2255.

A. <u>Johnson Was Not Ineffective Regarding The Suppression Issue</u>

For purposes of analyzing Movant's first claim, the undersigned assumes the truth of Movant's statements in his affidavit. (*See* Doc. 160-1.) Those averments are that FBI Agent Rambaud promised Movant on April 6, 2007, that if he confessed to the three bank robberies described in Part I, above, he would not be charged with those robberies nor would his confession be used against him and that Movant told Johnson, his lawyer, about those promises sometime after the superseding indictment issued in November 2007. (*See id.*)

It was objectively reasonable for Johnson not to file another motion to suppress after learning from Movant that Agent Rambaud obtained Movant's confession to additional robberies by false promises. By that time, the undersigned had conducted a hearing on Movant's motion to suppress, at which FBI agents had testified that no promises had been made to Movant during the interview in which he confessed. Movant did not testify at that hearing, and that is the only way he could have disputed the agent's testimony given that there was no audio, video, or other recording of the interview. The undersigned credited the agents' testimony and found that the agents did not promise Movant anything in exchange for his confession. Movant has

7

presented nothing to persuade the undersigned that the findings regarding the voluntariness of the confession would have been different had Movant testified at the suppression hearing. Nor has Movant alleged that he would have testified at a second suppression hearing had Johnson filed another motion to suppress statements after the superseding indictment issued. It was reasonable for Johnson not to raise a second challenge to Movant's confession given that the only evidence Johnson could have presented to support the challenge was Movant's self-serving testimony and the undersigned already had credited the FBI agents' testimony on the issue.

Johnson had yet another good reason not to move to suppress Movant's confession on the basis that the confession was elicited by false promises. As noted above, the only evidence to support such a motion would have been Movant's version of the interview with Agent Rambaud, i.e., Movant's testimony. If Movant testified at a hearing on a motion to suppress, he would have been subject to thorough cross-examination and his testimony likely could have been used against him at trial. While a criminal defendant's testimony at a suppression hearing regarding a search that allegedly violated the Fourth Amendment cannot be used at the defendant's trial, *Simmons v. United States*, 390 U.S. 377, 394 (1968), that rule "has never been extended beyond its context," *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010). Indeed, the Eleventh Circuit has refused to extend *Simmons* to situations where a defendant sought to suppress evidence on a basis other than the Fourth Amendment. *See Snipes*, 611 F.3d at 866-67; *In re Fed. Grand Jury Proceedings*, 975 F.2d 1488,

AO 72A
(Rev.8/82)

1492-93 (11th Cir. 1992) ("[T]his circuit has never extended *Simmons* to situations involving the exclusion of prior testimony when competing rights, whether constitutional or statutory, are at issue."). Movant sought to suppress his statements to the FBI on the ground that those statements were obtained in violation of his Fifth Amendment rights. Thus, Movant's testimony at a suppression hearing, which would have been necessary to prove the alleged violation, could have been used against him and damaged his defense. It was reasonable for Johnson to avoid that risk.

Movant also has not shown that he was prejudiced by Johnson's decision not to challenge his confession to the three bank robberies on the basis of Agent Rambaud's alleged promises. It is not reasonably probable that the outcome of Movant's trial would have been different had Agent Rambaud not been allowed to testify that Movant confessed to three of the seven bank robberies. Nor has Movant shown that his trial was "rendered unreliable, and hence the proceeding itself unfair," because of Johnson's failure to move to suppress that testimony. *See Smith v. Dugger*, 911 F.2d 494, 497 (11th Cir. 1990). As discussed in detail in Part III.B., below, overwhelming evidence of Movant's guilt, other than Agent Rambaud's testimony that Movant confessed to some bank robberies, was presented at trial. The jury was told that Movant confessed to only four of the seven bank robberies, yet they convicted him of all seven. That is probably because the evidence showed that all seven robberies were committed in a very similar manner over just a few months. The forensic evidence and eyewitness testimony linked all the robberies.

9

Movant's admission to the jury that he committed the April 6, 2007 bank robbery further undermines a finding that the trial result would have been different absent Agent Rambaud's testimony that Movant confessed to three earlier robberies. Movant confessed to taking actions during the April 6, 2007 robbery – the confession Movant does not challenge because the alleged promises were made after that confession – that are almost identical to Movant's confessed actions in the other three robberies. Agent Rambaud testified that Movant admitted to robbing the bank with one accomplice on April 6, 2007, driving the vehicle, jumping the teller counter, taking money from the teller's drawers, jumping back over the teller counter, and using a gun that he obtained from someone else. (Doc. 138 at 66.) Agent Rambaud then testified that Movant confessed to doing the same things in the three earlier bank robberies, except that he was alone during one of those robberies. (*Id.* at 68-75.) Thus, Agent Rambaud's testimony about what Movant admitted to doing in the three robberies that Movant now contends should have been suppressed essentially offered nothing new that the jury had not already heard. Even without testimony about Movant's confession to the three earlier robberies, the jury still would have learned that Movant described in detail how he robbed the bank on April 6, 2007, and that those details were consistent with the eyewitness testimony and forensic evidence for all seven robberies. In short, Movant has not shown that he was prejudiced by Johnson's decision not to move to suppress his confession as to the three earlier bank robberies.

10

B. Johnson Was Not Ineffective On Appeal

Movant's final claim is that Johnson improperly failed to argue on appeal that Respondent did not prove at trial a modus operandi between the seven bank robberies. Movant likely makes this argument because the appellate court noted in its opinion affirming his convictions that Movant "does not contest on appeal that this conduct [– detailed evidence of how each bank was robbed –] established a modus operandi." *See Phaknikone*, 605 F.3d at 1110.

Movant acknowledges, as he must, that Respondent presented evidence of numerous similarities between the robberies and the robbers, both with eyewitness testimony and forensic evidence. Movant argues, however, that evidence he presented in his case-in-chief regarding an armed bank robbery in January 2008 undermined Respondent's contention that the circumstances of the robberies in this case were unique and that Movant committed the robberies. Movant was in jail when the bank was robbed in January 2008. Movant presented three witnesses to that robbery, who testified that two armed men wearing masks over their faces and hooded shirts entered the bank and one of the men jumped the teller counter to take money. (Doc. 140 at 27-65.) Johnson then argued to the jury in closing that because the January 2008 bank robbery occurred while Movant was in jail and was similar to the bank robberies Movant allegedly committed, there was no unique modus operandi or "signature trait" linking Movant to any robbery. (Doc. 140 at 146-47.)

The limited evidence regarding the January 2008 bank robbery did not

11

undermine the wealth of evidence Respondent presented regarding the similarities among all seven of the bank robberies for which Movant was convicted. Both this Court and the appellate court noted the substantial evidence linking the seven robberies. After hearing argument from counsel as to whether Movant could present evidence of the post-arrest robberies, the Court noted the "substantial degree of evidence of modus operandi in this case in the prosecution." (Doc. 139 at 189.) Moreover, in denying Movant's motion for a judgment of acquittal after all evidence had been presented, the Court found "[t]here is evidence from which identification could be made by the jury as to each of the charges." (Doc. 140 at 75.)

The appellate court went further in its discussion of the modus operandi evidence, describing in detail the similar forensic evidence from multiple robberies and the similar testimony from employees at the various banks about the robbers' characteristics. *Phaknikone*, 605 F.3d at 1109-10. The appellant court noted that

> the government introduced other evidence that the robberies were committed in a like manner. The robberies all were committed within a radius of 40 miles. Eyewitnesses to each robbery testified that the robbers wore black ski masks, waved handguns while shouting profanities, and one robber always jumped the teller counter. Other evidence established that the robbers always wore white-topped gloves and hooded sweatshirts and one robber always carried a semi-automatic handgun sideways in his left hand. Each robbery lasted less than three minutes, and in three of the robberies, a robber instructed a teller not to place a dye pack with the money.

*Id.* at 1110.

It was objectively reasonable for Johnson not to argue on appeal that there was

12

insufficient evidence of modus operandi given the evidence described above. Moreover, Johnson failed to persuade the Court, in her motions for acquittal, and the jury that there was insufficient evidence of modus operandi to convict Movant. If Johnson had raised the issue on appeal, she would have had to convince the appellate court that, viewing the trial evidence in the light most favorable to the prosecution, no rational juror could have found Movant guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324, 326 (1979) (further holding that the evidence need not exclude every reasonable hypothesis except that of guilt). That was not a meritorious claim given the overwhelming evidence of Movant's guilt. *See Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1145 (11th Cir. 2005) ("[N]onmeritorious claims that are not raised on appeal do not constitute ineffective assistance of counsel."). The scant evidence regarding the bank robbery that was committed in January 2008 while Movant was in jail did not render all of the other evidence insufficient for a rational juror to find guilt beyond a reasonable doubt.

Movant also has not shown a reasonable probability that he would prevailed on appeal had Johnson raised the modus operandi issue, i.e., that he was prejudiced by Johnson's decision not to raise it. The appellate court described in detail the multitude of evidence showing that the bank robberies were committed in a similar fashion by the same individuals and found that "overwhelming evidence of [Movant's] guilt" was presented to the jury. *Phaknikone*, 605 F.3d at 1109. It is evident from the appellate court's analysis of the evidence presented at trial that it would not have been

13

persuaded by an argument that Respondent did not present sufficient evidence of modus operandi or Movant's guilt generally. *See United States v. Langford*, 647 F.3d 1309, 1319 (11th Cir. 2011) ("[W]e will not disturb the verdict unless no reasonable trier of fact could find guilt beyond a reasonable doubt.").

Movant has not demonstrated that Johnson's performance was constitutionally deficient or that he was prejudiced by either of Johnson's alleged failures. Thus, Movant is not entitled to relief under § 2255.

### IV. Certificate of Appealability ("COA")

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here. As shown above, it is not reasonably debatable

14

that Movant has not shown that he received ineffective assistance of counsel on the two issues raised in his § 2255 motion.

## V. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence [157 & 160] be **DENIED** and that civil action number 1:11-CV-4118-RWS-LTW be **DISMISSED. IT IS FURTHER RECOMMENDED** that Movant be **DENIED** a certificate of appealability.

**SO RECOMMENDED** this 23 day of August, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)