IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SOUKSAKHONE PHAKNIKONE, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:07-CR-150-RWS-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|     Respondent. | :: | 1:11-CV-4118-RWS-LTW |

## **ORDER**

Movant Souksakhone Phaknikone was convicted in this Court of seven armed bank robberies and unlawfully possessing a firearm. The Court sentenced Movant to 167 years of imprisonment, and his convictions and sentence were affirmed on appeal. *United States v. Phaknikone*, 605 F.3d 1099 (11th Cir. 2010).

Movant, pro se, now seeks to vacate his sentence under 28 U.S.C. § 2255 on grounds that his counsel, Vionnette Johnson, rendered constitutionally ineffective assistance before trial and on appeal. (Docs. 157, 160.)[1] Magistrate Judge Walker issued a Report and Recommendation that the § 2255 motion be denied and that Movant be denied a certificate of appealability. (Doc. 165 ("R&R").) Movant filed objections to the R&R. (Doc. 167.)

---

[1] Both documents are the same, except that one is handwritten and the other is typewritten. All citations to the record refer to case number 1:07-cr-150-RWS-LTW.

A district judge must conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). This review takes different forms, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1)(C), while those portions of the R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The R&R thoroughly discussed both alleged grounds of ineffective assistance of counsel that Movant asserted in his § 2255 motion. (R&R at 6-14.) Those grounds are that Johnson failed to: (1) file a second motion to suppress Movant's confession to FBI agents that he committed three of the seven bank robberies after Movant told Johnson that one of the agents coerced the confession by false promises; and (2) argue on appeal that insufficient evidence was presented at trial to establish a modus operandi for the bank robberies. (Doc. 160.) Movant objected to the R&R's conclusions as to both grounds, but made no specific objection as to ground two. The Court has reviewed the record and finds no merit in Movant's objections.

As to the confession issue, three FBI agents interviewed Movant on April 6, 2007 following the last of the seven bank robberies. Those FBI agents were Ray

Johnson, Doug Rambaud, and Scott Stefan.² (Trial Tr. at 298.)³ Movant told the agents he committed the robbery on April 6 (he was caught while fleeing very shortly after the robbery occurred) and wrote a statement during the interview containing that confession. The FBI agents then asked Movant about three prior bank robberies, and Movant orally confessed to committing those robberies. Movant did not put the latter confession in writing, and no part of the interview was recorded in any manner other than Agent Johnson's dictation that was later transcribed and an FBI 302 form that Agent Johnson later prepared. (*Id.* at 310, 1121.) At the October 2007 hearing before Judge Walker on Movant's motion to suppress his confessions, only Agent Johnson testified about the interview. (Docs. 27, 28.) At trial, both Agent Johnson and Agent Rambaud testified about the interview and told the jury that Movant confessed to four bank robberies. (Trial Tr. at 269-323 (Johnson's testimony), 1090-1137, 1418-20 (Rambaud's testimony).) Movant admitted at trial, through counsel, only that he committed the April 6, 2007 bank robbery to which he had confessed in writing.

---

² To avoid confusion, the Court refers to Movant's counsel as "Johnson" and to the FBI agent with the same last name as "Agent Johnson."

³ The trial transcript is in the record at docket numbers 130-134 and 138-141.

AO 72A
(Rev.8/82)

Movant averred in his affidavit submitted with his § 2255 motion that he told Johnson that he confessed to the three additional bank robberies during the FBI interview only because Agent Rambaud promised him that he would not be charged with those robberies and that his statements would not be used against him if he confessed. Movant did not tell Johnson about Agent Rambaud's alleged false promises until Movant learned from the superseding indictment issued on November 14, 2007 that he was being charged for the additional robberies to which he confessed. (Doc. 160-2 at 5-6.) Because that was after the hearing on Movant's motion to suppress his confession, Johnson could have challenged the alleged false promises only by filing another motion to suppress, which she did not do.

In her R&R, Judge Walker presumed the truth of Movant's averments and found that Movant had shown neither that Johnson was constitutionally deficient in not challenging the confessions on the new ground or that he was prejudiced by Johnson's failure to raise the issue. Judge Walker noted that she found from the evidence presented at the suppression hearing that no promises were made to Movant during the FBI interview in exchange for his confessions. She also noted that Movant could have injected the factual allegation regarding Agent Rambaud's coercive promises only by testifying at the hearing, which he did not do, and that Movant did not aver in his

4

affidavit that he would have testified at any subsequent suppression hearing. Finally, Judge Walker found no prejudice because overwhelming evidence of Movant's guilt as to all seven bank robberies, excluding his confession to the three robberies he contends was coerced by false promises, was presented at trial.

Movant objects and argues that a hearing is needed to resolve his claim regarding his confession. He argues that Judge Walker's finding after the suppression hearing that FBI agents did not promise Movant anything in exchange for his confession means little because Agent Rambaud did not testify at that hearing and Agent Johnson might not have been present when Agent Rambaud made the false promises. There is no evidence in the record, however, to support a finding that Agent Johnson, who testified at the suppression hearing, was not present with Movant for the entirety of the interview. Agent Johnson testified that he escorted Movant into the interview room, he asked Movant about the additional robberies after Movant confessed to the April 6 robbery, he dictated and prepared an FBI 302 form memorializing the entire interview, and that *Agent Rambaud* was not present for all of the interview. (Trial Tr. at 298, 309-14.) While Agent Johnson also testified that he did not remember whether Movant was shown certain photographs during the interview and that Agent Rambaud may have shown them to Movant, he did not testify

5

that Agent Rambaud may have done so outside Agent Johnson's presence – he testified simply that he did not remember anyone showing Movant the photographs. (*Id.* at 314 (responding to question of "was he shown surveillance photographs," not whether Agent Johnson showed them to him).) Moreover, Movant did not aver in his affidavit that Agent Rambaud made the promises to him while they were alone or outside Agent Johnson's presence.[4] (Doc. 160-1.)

For all of those reasons, Judge Walker properly relied on and credited Agent Johnson's testimony at the suppression hearing to conclude that no agent promised Movant anything in exchange for his confession.[5] Johnson was not deficient for not later trying to persuade the Court that its factual findings were wrong even if – as Movant asserts for the first time in his objections to the R&R – Movant would have testified at another suppression hearing that promises were in fact made during the FBI interview. The Court credited Agent Johnson's testimony about the interview, and Movant has pointed to no evidence he could have presented, other than his own testimony, that Agent Rambaud made the alleged promises during the interview.

---

[4] Movant also did not assert any such fact in his § 2255 motion or supporting brief. (Docs. 160, 160-2.)

[5] Agent Johnson and Agent Rambaud similarly testified at trial that no promises were made to Movant during the interview. (Trial Tr. at 300, 1098.)

6

Movant points to the undisputed evidence that his confession to the three robberies resulting from the alleged promises was not in writing, unlike his confession to the April 6 robbery, but that is not relevant to the central issue of whether the promises were made. The lack of a written confession also does not support Movant's claim because Movant does not dispute that he confessed to those three robberies. He simply claims that he confessed only because of false promises. He has not shown that Johnson unreasonably failed to raise the issue of the alleged false promises.

Even if Movant had shown deficient performance, he has not shown a reasonable probability that the jury would not have convicted him of the three bank robberies if there had been no evidence that he confessed those robberies to the FBI. As discussed in the R&R, Respondent presented at trial several eyewitnesses to the robberies, as well as physical and forensic evidence corroborating their testimony. That evidence was strikingly similar as to all seven robberies, and the jury convicted Movant of all seven robberies, not just the four to which he confessed to the FBI. Perhaps the most damning evidence was Movant's description to the FBI of how he committed the April 6 robbery – the robbery he told the jury, through counsel, that he committed – because his description matched the evidence (excluding his statements to FBI agents) of how the other robberies were committed.

AO 72A
(Rev.8/82)

Movant contends that questions from the jury during its deliberations show that the admission of his oral confession as to three of the bank robberies prejudiced him. The jury asked "why no written statement for the other three robberies in the FBI interview? Needed approval for video or audio, but why no written statement? Is what the FBI Rambaud said hearsay or evidence?" (Doc. 110.) While those questions suggest that the jury considered Agent Rambaud's testimony that Movant orally confessed to three robberies, they do not, alone, make it probable that the jury would have acquitted Movant of those robberies if there had been no such testimony. The jury convicted Movant not only of those three robberies, but of three other robberies for which there was no confession. Because the evidence other than Movant's confession linked all the robberies via a common modus operandi and the jury concluded that Movant committed all the robberies, it is not reasonably probable that the jury would have acquitted him of three of the robberies if it had not known of his confession. In addition to the multiple forms of evidence establishing a common modus operandi, the evidence showed that all seven robberies were committed in the same geographical area and close in time. The record precludes a finding of prejudice on Movant's ineffective assistance claim.

AO 72A
(Rev.8/82)

Movant also objects to the R&R's findings that he has not shown deficient performance and prejudice for Johnson's failure to argue on appeal that there was insufficient evidence of modus operandi, but he does not explain how or why those findings are wrong. (Doc. 167 at 8.) The Court ordered that any objections to the R&R "shall specify with particularity the alleged error or errors made." (Doc. 166 at 1); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations." (emphasis added)). When specific objections are not lodged, the Court need not perform a de novo review. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to." (emphasis added)); *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (holding that district court was required to conduct de novo review of only those objections "that identified specific findings set forth in the R&R and articulated a legal ground for objection"); *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("[C]onclusive, or general objections need not be considered by the district court."). After reviewing the record and the parties' pre-R&R briefs regarding Movant's claim of ineffective assistance of counsel on appeal, the Court finds no error in the R&R's findings regarding that claim.

9

For the foregoing reasons, the Court **OVERRULES** Movant's objections [167] and **ADOPTS** the R&R [165] as the opinion of the Court. Movant's § 2255 motion [157 & 160] is **DENIED** and Movant is **DENIED** a certificate of appealability. Civil action number 1:11-cv-4118-RWS-LTW is **DISMISSED**.

**SO ORDERED** this  24th  day of September, 2012.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)